UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Court File No.: 01-513 (MJD/JGL)

Cornelius Benner,

Plaintiff,

v.

The Mall of America, the City of Bloomington, Bloomington Police Officers Officer Giles, Sergeant Gauff, John Doe, John Roe and John Coe, individually,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REQUIRE PLAINTIFFS TO APPEAR FOR PRETRIAL/SETTLEMENT CONFERENCE OR IN THE ALTERNATIVE TO DISMISS FOR FAILURE TO PROSECUTE**

Court File No.: 01-513 (MJD/JGL)

Charles Sims,

Plaintiff,

v.

The Mall of America, the City of Bloomington, John Doe, John Roe and John Coe, individually,

Defendants.

## INTRODUCTION

This Memorandum is submitted on behalf of Defendant Mall of America in support of its motion to dismiss for failure to prosecute.

**FACTS**

These consolidated lawsuits arise out of an October 14, 2000 incident at the Mall of America in Bloomington, Minnesota. At the time of the incident, Plaintiffs Cornelius Benner and Charles Sims were police officers employed by the City of St. Paul. Both Plaintiffs were off duty at the time of the incident which was a fight, or a threatened fight in a bar at the Mall. Plaintiffs and the other combatants were asked to leave the bar, and did so, but their altercation flared again in a common area hallway outside of the bar. Ultimately, Bloomington police officers were required to stop the altercation and Plaintiff Benner, among others, was taken into custody by Bloomington police officers. The Plaintiffs filed separate state court actions in December 2000 (Benner) and March 2001 (Sims). The lawsuits advanced claims against both Mall of America and the City of Bloomington. Defendants removed these actions to this Court where the claims were consolidated for discovery.

On November 25, 2002, this Court granted a stay of proceedings pending the resolution of the criminal charges filed against Mr. Benner by the City of Bloomington. The Court's Order required the parties to notify the Court upon resolution of the criminal matter so that the stay could be lifted and these claims appropriately advanced.

In early 2003, Bloomington and Plaintiff Benner entered into a Stipulation to Dismiss regarding the criminal case. Under the terms of the Stipulation, both the criminal action and the civil action were dismissed. Pursuant to the Stipulation, this Court ordered dismissal of the action concerning Benner (00-CV-02787), and judgment was entered on that matter on March 4, 2003.

The criminal charges against Benner that caused the stay in these proceedings were resolved in March 2003. More than one year has now passed and neither Plaintiff has notified

the Court that the stay should be lifted, nor have they undertaken any other action in furtherance of their claims against Mall of America. Given the delay that has resulted from Plaintiffs' failure to timely prosecute this matter, the claims of Plaintiffs against the Mall should be dismissed.

## ARGUMENT

### I. MALL OF AMERICA IS ENTITLED TO DISMISSAL BECAUSE PLAINTIFFS HAVE FAILED TO PROSECUTE THEIR CLAIMS.

Plaintiffs' claims should be dismissed because they have shown no interest in prosecuting the claims. Rule 41(b) of the Federal Rules of Civil Procedure provides:

> [F]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant….a dismissal under this subdivision…operates as an adjudication upon the merits.

(Fed.R.Civ.P. 41 (2002)).

The Federal Rules of Civil Procedure therefore permit dismissal "for failure of a plaintiff to prosecute or to comply with these rules or any order of court." Id. "Despite the breadth of this language, however, [the Federal courts] have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F. 3d 524,527 (8th Cir. 1999); Hutchins v. A.G. Edwards & Sons, Inc., 116 F. 3d 1256, 1260 (8th Cir. 1997).

The facts presently before this court rise to the level warranting dismissal. More than one year has passed since the Benner criminal matter was resolved, and yet Plaintiffs have taken no action in furtherance of their claims. Almost four years have now passed since the incident at issue and this passage of time is certainly prejudicial to the defense of the claims.

The Minnesota state courts will dismiss a claim under Minnesota's equivalent rule when it is shown that the delay prejudiced the defendant and the delay was unreasonable and inexcusable. Scherer v. Hanson, 270 N.W.2d 23, 24 (Minn. 1978). The dismissal may be with prejudice. Reichert v. Union Fidelity Life Ins. Co., 360 N.W.2d 664, 667 (Minn. Ct. App. 1985). A district court has the discretion to dismiss a claim where diligence has not been exercised. DeMars v. Robinson King Floors, Inc., 256 N.W.2d 501, 504 (Minn. 1977). Litigation must be brought to a close diligently and parties cannot be permitted to linger for an unreasonable amount of time since memories of the facts tend to fade with time. Peters v. Waters Instruments, Inc., 312 Minn. 152, 155 251 N.W.2d 114, 116 (1977).

**A. Mall of America has been prejudiced by Plaintiffs' delay.**

Almost four years have passed since the incident which gives rise to Plaintiffs' claims. This unwarranted delay is prejudicial to the Mall as it is entitled to a swift resolution, where fresher memories and available witnesses will aid in the defense of the case. A delay of almost four years will result in difficulty locating witnesses and obtaining accurate information regarding the underlying facts and circumstances of the incident.

In Copeland v. Bragge, 378 N.W. 2d 35 (Minn. App. 1985), a personal injury case, the Minnesota Court of Appeals affirmed the district court's dismissal for failure to prosecute. In Copeland, the delay was caused by the death of the plaintiff's attorney and the plaintiff's failure to hire another attorney. The district court found that there was significant prejudice to the defendant since, among other reasons, the delay made it unlikely that the witnesses could recall the facts accurately, the defendant did not have a chance to conduct timely discovery, and it was questionable that the treating doctor would recall the case aside from referring to medical reports. Id. at 38.

In the case at bar, this Defendant has a similar concern. The Plaintiffs' claims are fact-driven and most of the information will be gleaned from direct witnesses to the incident. The unreasonable delay here, as in Copeland, has caused significant prejudice to the Mall as locating these witnesses is increasingly difficult, and their memories can reasonably be expected to have faded to an extent.

**B. Plaintiffs' delay is unreasonable and inexcusable.**

Plaintiffs have provided no reason or excuse for the delay and failure to prosecute. The Plaintiffs have had no contact with the undersigned counsel for essentially two years, and most certainly none since the Court declined to dismiss this matter in March of this year. The criminal matter involving Plaintiff Benner resolved in March 2003 and Plaintiffs have done nothing over the intervening eighteen months to pursue their claims. The Plaintiff's failure to advance their civil claims against this Defendant during this period is unreasonable and inexcusable.

In State v. St. Paul Fire & Marine Is. Co., the state brought suit in 1981. The Defendant answered and written discovery followed. Thereafter the state claimed it entered into settlement negotiations. The state took no action on the case until 1988 when it moved for summary judgment. Defendant moved for dismissal. The trial court granted defendant's motion and dismissed the case. The appellate court affirmed holding that "after many years of unnecessary delay, the need to search for identifiable and concrete examples of prejudice diminishes." State v. St. Paul Fire & Marine Is. Co., 434 N.W. 2d 6 (Minn. Ct. App. 1988).

Likewise, in Dvoracek v. Lovely, 366 N.W. 2d 391 (Minn. App. 1985), the Minnesota Court of Appeals affirmed a district court's dismissal for failure to prosecute due to the Plaintiff's inaction. The appellate court held that the delay was unreasonable since neither the attorney nor his client did anything to move the case forward. Similarly, in the case presently

before this Court, Plaintiffs have made no real effort to move this case forward since its inception, and have certainly done nothing in the last couple of years to demonstrate an interest in resolving this matter. Defendant should not be placed in the position where, at the leisure and pleasure of Plaintiffs, it must defend against claims which have unduly aged to the prejudice of Defendant.

**CONCLUSION**

For the foregoing reasons, Defendant Mall of America respectfully requests the Court grant its motion to order Plaintiffs' attendance at a pretrial/settlement conference or in the alternative, to dismiss their claims for failure to prosecute.

Dated: September 13, 2004

s/Burke J. Ellingson
Burke J. Ellingson
ID #: 249294
Attorney for Defendant Mall of America
Brendel and Zinn, Ltd.
8519 Eagle Point Boulevard
Suite 110
Lake Elmo, MN 55042
(651) 224-4959
Fax (651) 224-4547
Email: bellingson@brendelandzinn.com