**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Charles Sims,<br><br>Plaintiff,<br><br>v.<br><br>Mall of America, the City of Bloomington, et al.,<br><br>Defendant. | **MEMORANDUM IN RESPONSE TO MOTION FOR PRETRIAL OR ALTERNATIVELY TO DISMISS**<br><br>**Court File No.: 01-513 (MJD/JGL)** |

## FACTS

The plaintiff, Charles Sims and Cornelius Benner commenced an action against the defendants and the cases were consolidated for discovery purposes. Mr. Benner's case ended up being complicated as there were issues related to the claims that he could bring in Federal Court as a result of a stipulation in state court with respect to suspending prosecution.

Because of these issues, Federal court proceedings were stayed by agreement of the parties. All parties agreed that no action would be taken until the issues with state court were resolved. The state court action resulted in a referral back to the Minnesota Trial Court. The state court proceedings resulted in a number of motions and an eventual appeal.

The disposition of the State issues resulted in Benner's claim being dismissed. Prior to the matter being referred to state court, the parties had virtually completed discovery. The deposition of Mr. Benner had been taken, the deposition of all the security guards and police officers had been taken, the documents had been produced, and the only outstanding issues

would have been the deposition of Mr. Sims.

An expert had been designated by the plaintiff and in a case of this type, the cost at a minimum, was $5,000.00. With expenses, and other hourly fees for appearance at trial, and the undersigned has routinely incurred police expert expenses in the neighborhood of $10,000.00.

After the case was resolved in state court, the undersigned spoke with the plaintiff, Mr. Sims, about his claims and issues related to the requirements for litigation. There were outstanding issues regarding presently incurred costs and in light of the fact that the expert fees would be in the neighbor of $10,000.00 the undersigned needed resolution of the existing issues before going forward. These outstanding costs were discussed with Sims on numerous occasions and he agreed to resolve the matter. Unfortunately he never did.

All parties signed the stipulation to stay the proceedings and any of the parties who felt that the stay should have been vacated could have taken steps to vacate it at any point that they chose. No party took any action to lift the stay or to proceed with the litigation until approximately March of 2004.

When the defendant's requested that this case move forward, the undersigned conferred with the plaintiff with respect to his intentions. The plaintiff indicated that he would seek other counsel to represent him. The plaintiff did not obtain other counsel and evidently has not done so up until this point. The case, however, is essentially ready for trial and new counsel can assume the case without the need for further discovery and can proceed to try this case.

This spring, the undersigned notified the plaintiff of the request by the defendant's to Judge Davis to move the case along or be dismissed. Based upon the information provided to the court from the undersigned, the court declined to grant the defendant's request. However, between April and the time of the filing of the request for a pretrial hearing in September, Mr.

Sims has still not obtained other counsel and the undersigned has moved to withdraw.

The defendant's have requested that the court either order a pretrial settlement conference, or in the alternative dismiss the case. The undersigned agrees that a pretrial should be set. For the reasons set forth below, dismissal is not appropriate.

**1. ORDERING A PRETRIAL SETTLEMENT CONFERENCE IS THE APPROPRIATE REMEDY UNDER THE FACTS OF THIS CASE.**

The appropriate resolution in this case is a pretrial so that the plaintiff can indicate to the court his position with respect to the case. The defendants in this case have made a request for a pretrial settlement conference. In the alternative, they moved to dismiss. The court should not proceed to the alternative remedy when the primary proposed remedy will resolve the issue presented to the court, activating the case and moving the case along.

The issue before the court is moving the case along for trial, the case is ready for trial. The plaintiff should be allowed to have his day in court once he has had the opportunity to obtain counsel. The plaintiff should not alone, bear the burden or any consequences of the decision of all the parties to stay the proceedings. Each of the parties had the right, had they choose to act, and to request that the status of the case be changed to active. They did not do that until spring of this year.

**2. TIME OF THE DELAY.**

While the defendants in this case make reference to the delay in the case, there was a joint delay. It was a delay by stipulation. In August of 2002, the parties agreed that the matter would be stayed, in effect, until such time as the parties elected to revive the case. Thus, the period that should be focused on in this case is the period from the March of this year until now. When that

period is evaluated fairly, is clear that the appropriate remedy is the setting of this matter for a pretrial settlement conference, as requested by the defendant's, so that Mr. Sims can proceed to have his day in court if he chooses to do so.

In determining the period of delay, the above time frame should be the measure. The time period between the request in the spring of this year until the request for a pretrial in this motion. Any delay in this case should be confirmed to that period of time and not to the period of time when the parties agreed that the case would be stayed.

All parties agreed that the case would be stayed, and any party could have requested that this case proceed at any point and time. The plaintiff should not be held as the person solely responsible for initiating the case when all parties agreed to the stay.

Subsequent to the request by the defendant's to move the case along, apparently Mr. Sims has had difficulty obtaining local counsel. Any delay during that period is not excessive nor unreasonable in light of the period where all of the parties agreed that no action would be taken. Reasonably, it may be difficult for him to make suitable arrangements with counsel and in the time period between the spring and the motion filing in September is the applicable period for the courts consideration.

Finally, the request from the defendant's was to have a pretrial. At that pretrial Mr. Sims can indicate to the court his intentions with respect to the case and perhaps the case might be settled and the reasonable approach is that the court strive to resolve cases on the merits, the pretrial hearing to determine how the case would proceed is the appropriate resolution.

**3. There is no justification for dismissal.**

The defendants cite Rule 41 of the Federal Rules of Civil Procedure as justification for

dismissal. However, there has been no prior court order with which the plaintiff has failed to comply. Rule 41 deals with a party who fails to prosecute or comply after a court order or fails to comply with rules. The only prior court order of significance as it relates to this matter, is the order staying the proceedings. There is no outstanding scheduling order, and nothing to justify the extreme sanction of dismissal.

As noted by the defendant, in the case of ***Hunt vs. the City Minneapolis***, 203 Fed. 3[rd] 524, 527 (8[th] Cir. 1999), the court started that dismissal with prejudice is an extreme sanction that should only be used in cases the ***willful disobedience*** of a court order or a pattern of intentional delay.

The ***Hunt*** case also said:

> Even where the facts might support dismissal with prejudice, this "ultimate sanction . . . should only be used when lesser sanctions prove futile." Id. at 1222 (citations and quotation marks omitted). "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and ***consider whether a less severe sanction could remedy the effect of the litigant's transgressions*** on the court and the resulting prejudice to the opposing party." Hutchins, 116 F.3d at 1260.

It is clear in this case that a less severe sanction is appropriate.[1] The remedy is specified by the defendants in their motion. The remedy is a Pretrial. A pretrial will address all of the concerns of the parties and is an appropriate resolution under the facts of this case. This is true because there has been no intentional disregard of a court order, and because the delay was a delay of all parties and not just the plaintiff.

It should also be noted that it was the defendants in this case that caused the stay in the first place. While the undersigned does not presently have the file, the recollection is that the

[1]Hunt engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules. That is not the case here.

civil case was commenced first. After the plaintiffs commenced this civil case, the City, in retaliation, filed a criminal case against Mr. Benner. The criminal case was resolved and the parties proceeded with discovery in the Federal Courts including all depositions and all documentary discovery. The case was essentially ready for trial when the defendants in the civil case prompted the criminal component of the city government to reopen the criminal case. As a result of a reopening of the criminal case, issues arose as to which federal claims could be pursued.

Because of this question, the defendants proposed that the proceedings in the federal court be stayed pending a resolution in the state court. A stipulation was drafted by the defendants and signed by counsel for the plaintiffs. As noted above, the issues in state court took some time and in went to the Court of Appeals before going back to the trial court. Finally the matter was resolved. Either party could have taken action to revive the case at a point in time when they felt appropriate. No party to case took any action until this spring.

The case should not be dismissed. The suggestion of the defendants is that the case should be dismissed because Mr. Benner has not proceed to bring this case to trial. However, no party has proceed to bring this case to trial. All parties agreed to the stay, and there was no requirement that the plaintiff be the one responsible for initiating the case or moving the case forward.

Dismissal under these circumstances is extremely unreasonable and unfair to the plaintiff. To dismiss this case now would hold the plaintiff responsible for the inaction of all parties. Any party could have proceeded with the case and the plaintiff should not be held fully responsible because none of the other parties took any action.

The only period solely responsible for the plaintiff is the period between the spring of

2004 and the filing of the motion. It is clear from the submissions to the court that during that time the plaintiff had issues that needed to be resolved that have not yet been resolved and therefore has not made the arrangements to proceed with the litigation at this time.

This makes the pretrial even more important, logical, and reasonable under the circumstances. After pretrial, should Mr. Sims not proceed to bring this case to trial then the defendant's would be free to seek their remedies at that time.

**4. THERE IS NO PREJUDICE TO THE DEFENDANTS.**

The defendants in this case claim prejudice to the Mall of America. Such is not the case. While the defendants made the general allegations about locating witnesses and of obtaining accurate information, this argument is undermined by the fact that depositions have been taken of all of the police officers and security guards who involved in this incident. The Mall does not claim that any of the particular witnesses are unavailable or cannot be located only that this is a type of thing that can occur with a delay. A statement as to what is possible is not prejudice. Especially where, as in this case, depositions have already been taken.

**5. ANY DELAY, IF UNREASONABLE, IS ATTRIBUTABLE TO ALL OF THE PARTIES AND NOT JUST TO THE PLAINTIFF.**

The defendants have not cited any authority for proposition that where there has been a joint agreement to suspend or stay proceedings, that one party can be held responsible for moving the case forward where others take no action. In making the claim and that the case has been unreasonably delayed, counsel for the defendant Mall neglects to note that the defendants are once had requested the delay in the first place. The defendants were seeking to able to obtain the dismissal of one of plaintiffs by taking this approach and obviously felt that the approach was to their benefit. One cannot understand how they now claim it was to their detriment when one

of the claims was resolved.

In support of their claim that a delay was unreasonable, the defendant cites the ***St. Paul Fire and Marine Insurance Co.*** case that case and involved a delay of seven years. This case involves a delay since March when the defendants sought to activate the case.

Appropriately, the defendants note that the action in March 2003, this spring. Any delay should be measured from that point. However, there was no court order and the actions on the part of Mr. Sims are that of a layman and not an attorney. For whatever reason, Mr. Sims has not yet obtain new counsel. The remedy is not to sanction him for his inability to get counsel, but to set the matter for a pretrial so that the court can properly direct the parties as to how to proceed.

Defendants in this case cannot hold the plaintiff responsible for actions they themselves could have taken. As far as the plaintiff knew, the defendants may have been taking a tactical approach to been reactivation of the case.

**6. PLAINTIFF'S MOVED THE CASE FORWARD AND THE CASE IS READY FOR TRIAL.**

The claim that the plaintiff made no effort to move the case forward since its inception is without merit. The plaintiff conducted numerous depositions of all the police offices and security guards. The plaintiff has two file boxes full of discovery obtained in this case. The deposition of Mr. Benner was taken. The plaintiffs disclosed in their police expert. The plaintiffs in obtained videotapes of the incident. Further, because the defendants were able to have the charges reinitiated against Mr. Benner in the criminal process, with the plaintiffs spent a substantial amount of time and effort in the state courts in order to address issues raised by the defendants. To say that the plaintiff has done nothing is inaccurate. The plaintiff's case is essentially ready for trial.

## CONCLUSION

Based upon the above, the undersigned respectfully request that the court set this matter for a pretrial settlement conference, and that the court deny the motion to dismiss.

Dated: October 14, 2004.

LAW OFFICES OF
LARRY E. REED

______/s/ *Larry E. Reed*______
Larry E. Reed #155883
2000 Plymouth Avenue North
Minneapolis, MN 55411
(612) 529-3322
Fax (612) 529-5229